JUDGE SWEET

MICHAEL FAILLACE & ASSOCIATES, P.C.    **08 CV  3460**
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

VICENTE HERNANDEZ and RODRIGO
RAMIREZ, *individually and on behalf of*
*others similarly situated,*

                                    *Plaintiffs,*

                -against-

GNB DELI INC. (d/b/a as ANDY'S DELI),
GURMETT SINGH BUTTAR (a/k/a DON
SINGH), and NARINDER SINGH BHINDER
(a/k/a ANDY SINGH),

                                    *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

RECEIVED

APR 0 8 2008

U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiffs Vicente Hernandez and Rodrigo Ramirez, individually and on behalf of others

similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace

& Associates, P.C., upon their knowledge and belief, and as against Defendants GNB Deli Inc.

(hereinafter "GNB"), Gurmett Singh Buttar (a/k/a Don Singh), and Narinder Singh Bhinder

(a/k/a as Andy Singh) (collectively the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are current and former employees of GNB and Gurmett Singh Buttar (a/k/a Don Singh), and Narinder Singh Bhinder (a/k/a Andy Singh), who own and operate GNB Deli Inc.

2.     Defendant GNB Deli Inc., by and through its owners, operates the delicatessen located at 106 Seventh Avenue South, in New York, New York under the name of Andy's Deli.

3.     Defendant GNB Deli Inc. is owned and operated by individual Defendant Gurmett Singh Buttar, as GNB Deli Inc.'s Chairman and/or Chief Executive Officer.

4.     Upon information and belief, individual Defendant Gurmett Singh Buttar, a/k/a Don Singh, serves as owner, principal or agent of Defendant GNB Deli Inc.

5.     Upon information and belief, individual Defendant Narinder Singh Bhinder, a/k/a Andy Singh, serves as owner, principal or agent of Defendant GNB Deli Inc.

6.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

7.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

8.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

10.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Vicente Hernandez*

11.      Plaintiff Vicente Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Kings County, New York.

12.      Plaintiff Hernandez is a current employee of the Defendants.  Mr. Hernandez has been an employee of Defendants from approximately March 1998 through the present date.

13.      Ms. Hernandez's duties include (and have included for all times relevant to this action), preparing sandwiches, attending the cash register, stamping the prices on merchandise as it arrived at the store, stocking merchandise on the shelves and refrigerators, and cleaning the

countertops and the rest of the store.  If a delivery person called in sick, Mr. Hernandez would then have to fill in for that employee.

14.    Mr. Hernandez's work duties required neither discretion nor independent judgment.

15.    From approximately March 1998 until the present date, Plaintiff Hernandez regularly worked in excess of 72 hours per week.

16.    Officially, Plaintiff Hernandez works a shift from 7:00 a.m. until 7:00 p.m., six days a week.  However, he was actually required to work from 7:00 a.m. until 8:00 p.m., 8:30 p.m., or even 9:00 p.m.

17.    During his employment with the Defendants, Mr. Hernandez was paid in cash.

18.    When Mr. Hernandez commenced his employment with the Defendants, he was paid $300.00 per week.  Subsequently, about every year, his salary was increased by $25.00.  His current salary is $525.00 per week.

### Plaintiff Rodrigo Ramirez

19.    Plaintiff Rodrigo Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Queens County, New York.

20.    Plaintiff Ramirez is a current employee of the Defendants.  Mr. Ramirez has been employed by Defendants from approximately November 2006 through the present.  His duties include (and have included for all times relevant to this action) making and serving coffee, working the cash register, putting away the beer and soda deliveries, cleaning the deli and making sure that all merchandise is placed in an appropriate location.  Mr. Ramirez was, on occasion, required to make deliveries during the morning from 5:00 a.m. to 8:00 a.m.

21.     Mr. Ramirez's work duties required neither discretion nor independent judgment.

22.     From approximately November 2006 until the present date, Plaintiff Ramirez regularly worked in excess of 72 hours per week.

23.     Officially, Plaintiff Ramirez works a shift from 7:00 a.m. until 7:00 p.m., six days a week. However, in reality, he was required to work from 7:00 a.m. until 8:00 p.m.

24.     During his employment with the Defendants, Mr. Ramirez was paid in cash.

25.     During his employment with the Defendants, Mr. Ramirez was paid $325.00 per week.

*Defendants*

26.     Defendant GNB Deli Inc. ("GNB" or "defendant corporation") is a corporation organized and existing under the laws of the State of New York. GNB owns and operates a delicatessen located at 106 Seventh Avenue South, New York, New York 10014 under the name Andy's Deli, at all times relevant to this complaint. It maintains its principle place of business at 106 Seventh Avenue South, New York, New York 10014.

27.     Defendant Gurmett Singh Buttar (a/k/a Don Singh) ("Defendant Gurmett") is an individual engaged in business in this judicial district. Defendant Gurmett is sued individually in his capacity as an owner, officer and/or agent of defendant corporation. Defendant Gurmett possesses operational control over GNB, possess an ownership interest in GNB, controls significant functions of GNB, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Narinder Singh Bhinder (a/k/a Andy Singh) ("Defendant Narinder") is an individual engaged in business in this judicial district. Defendant Narinder is sued

individually in his capacity as an owner, officer and/or agent of defendant corporation. Defendant Narinder possesses operational control over GNB, possess an ownership interest in GNB, controls significant functions of GNB, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

29.      GNB Deli Inc. is a corporation owned, controlled, and operated by Defendants Gurmett Singh Buttar (aka Don Singh),  and Narinder Singh Bhinder (aka as Andy Singh).

30.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.      In each year from 1998 to the present, the Defendants had gross annual sales of not less than $500,000.

32.      Upon information and belief, Defendants Narinder and Gurmett (1) operate GNB as either an alter ego of themselves, and/or (2) fail to operate GNB as an entity legally separate and apart from their own selves, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate GNB as a corporation, (b) defectively forming or maintaining the corporate entity of GNB, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating GNB for their own benefit as the sole or majority shareholders, (e) operating GNB for their own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of their own with GNB, (g) diminishing and/or transferring assets

- 6 -

in favor of bankruptcy of the entity to avoid full liability as necessary to protect their own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

33.    At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*General Employment Practices*

34.    Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

35.    Plaintiffs were paid at or below the minimum wage.  As detailed below, Defendants' pay practices resulted in Plaintiffs not receiving payment of all of their hours, so their effective rate of pay was reduced below the minimum wage.

36.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

37.    For example, Defendants usually paid Plaintiffs entirely in cash.

38.    Upon information and belief, this was done so to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

39.    Defendants did not pay Plaintiffs for their full time worked, nor did they pay additional overtime pay.

40.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

41.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

42.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

43.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

44.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to

hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

45.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

46.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

47.    Defendants intentionally, or otherwise, failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

48.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

49.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

50.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

51.    Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52.    Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

54.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

55.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

56.    Defendants knowingly, or otherwise in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

57.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

58.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

59.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

60.    Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

61.    Defendants failed to pay Plaintiffs and the putative New York Class members in a timely fashion, as required by Article 6 of the New York Labor Law.

62.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

63.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

64.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

65.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs and the putative New York Class members' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

66.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

67.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs (including the prospective collective class members);

(e)     Declaring that the Defendants have violated the recordkeeping requirements of the FLSA and NYLL with respect to Plaintiffs' compensation, hours and wages (including the prospective collective class members);

(f)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(g)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs (including the prospective collective class members);

(h)     Awarding Plaintiffs (including the prospective collective class members) damages

for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL as applicable;

(i)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b) as applicable;

(j)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(k)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(l)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(m)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 8, 2008

MICHAEL FAILLACE & ASSOCIATES, P.C.


By:     _____
        Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:  (212) 317-1200
Facsimile:  (212) 317-1620
*Attorneys for Plaintiffs*